IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY WYNN and MICHAEL ROSSI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. MORGAN CHASE & CO.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Tiffany Wynn and Michael Rossi ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief against Defendant J.P. Morgan Chase & Co. ("Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiffs bring this Complaint to stop Defendant's practice of making unsolicited debt collection robocalls to the telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

**I.      TIFFANY WYNN**

1.      Defendant regularly called Ms. Wynn's cellular telephone number between January 2019 and January 2020 from the number 800-945-2000 using an automatic telephone dialing system ("ATDS") without her prior consent, including a call on December 3, 2019.

2.      On each of the calls, Defendant sought to collect a debt from someone who is not Ms. Wynn.  When the calls first began, Ms. Wynn picked up the phone and informed Defendant that she was not the person Defendant was looking for.  Yet, Defendant continued to harass Ms. Wynn with calls.

3.      On many of the calls, Ms. Wynn would hear a momentary pause when she picked up the phone before a live person spoke.  The pause is a hallmark of an automatic telephone dialing system ("ATDS").  According to the Federal Communications Commission and experts on telecommunications equipment, an ATDS has the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then text those numbers.

4.      Ms. Wynn never provided consent to be called by Defendant using an ATDS.

## II.     MICHAEL ROSSI

5.      Defendant has also been calling Michael Rossi since January 2019.  Defendant most recently called Mr. Rossi *five times* on February 3, 2020, as detailed below:

| Number | Date/Time |
| --- | --- |
| 800-338-5960 | Feb. 3, 2020 at 11:35 A.M. |
| 800-338-5960 | Feb. 3, 2020 at 11:35 A.M. |
| 800-338-5960 | Feb. 3, 2020 at 11:35 A.M. |
| 800-338-5960 | Feb. 3, 2020 at 11:35 A.M. |
| 800-338-5960 | Feb. 3, 2020 at 11:35 A.M. |

6.      On each of the calls, Mr. Rossi heard a recording offering him rewards through a Marriott Bonvoy Credit Card.  The Marriott Bonvoy Credit Card is owned by Defendant.

7.      Mr. Rossi does not bank with Defendant, does not have a credit card with Defendant, and has not given Defendant consent to call him using a pre-recorded voice.

### III.     DEFENDANT'S PATTERN AND PRACTICE

8. The unlawful calls placed to Plaintiffs are part of Defendant's pattern or practice of calling consumers on their cellular telephones using an artificial or prerecorded voice and/or an autodialer who have no direct relationship with Defendant, and/or are not the proper subjects of the calls.

9. Defendant's calls violated the TCPA because Defendant placed these calls with an artificial or prerecorded voice and/or a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

10. Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  Defendant's campaign of unlawful conduct also includes the use of an artificial and prerecorded

11. By making these automated and autodialed calls, Defendant caused Plaintiffs and the members of the Class actual harm and cognizable legal injury.  This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

12. Furthermore, Defendant made the calls knowing they interfered with Plaintiffs' and the other members of the Class's use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

13. Moreover, a number of the calls were made while Plaintiffs and other members of the Class were at home, thus intruding upon the sanctity and privacy of their homes.

14. Upon information and belief, Defendant has made and continues to make similar calls to consumers without prior authorized consent, including persons who are not the true subject of Defendant's calls. In so doing, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Class, but also repeatedly violated the TCPA.

15. Complaints about Defendant's practice are manifest:

- "I keep getting these calls and they are getting increasingly inappropriate."[1]

- "Chase Card Services; the FTC associates [(800) 945-2000] with more than 3,800 consumer complaints"[2]

- "Credit card services robocall"[3]

- "Just 3 scam calls today, all from the same robocall credit call scammer"[4]

- "[R]obo caller asking to take action to lower credit card interest . . . Unsolicited caller"[5]

- "[G]ot a call from this number, around 3pm, left no message"[6]

16. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiffs

---

[1] Christina Miranda, *Avoid Credit Card Interest Rate Reduction Scams*, FEDERAL TRADE COMMISSION (Feb. 15, 2013), https://www.consumer.ftc.gov/blog/2013/02/avoid-credit-card-interest-rate-reduction-scams?page=5%2C0%2C0%2C0%2C0%2C0%2C0%2C0%2C0%2C0%2C0%2C8 (last accessed Mar. 12, 2020).
[2] *Id*.
[3] *Id*.
[4] *Id*.
[5] *800-338-5960*, ROBOKILLER, https://lookup.robokiller.com/p/800-338-5960 (last accessed Mar. 12, 2020).
[6] *800-338-5960*, 800NOTES, https://800notes.com/Phone.aspx/1-800-338-5960 (last accessed Mar. 12, 2020).

files the instant lawsuit on behalf of themselves and the putative Class and seeks an injunction requiring Defendant to cease its TCPA violations, adequately ensure that it is only calling numbers that are in fact associated with persons from whom it has received prior express consent, and pay statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## **PARTIES**

17. Plaintiff Tiffany Wynn is, and at all times mentioned herein was, a resident of Palatka, Missouri, and a citizen of the State of Florida.

18. Plaintiff Michael Rossi is, and at all times mentioned herein was, a resident of East Brunswick, New Jersey, and a citizen of the State of New Jersey.

19. Defendant J.P. Morgan Chase & Co. is a multinational investment bank and financial services holding company. Defendant is organized and incorporated under the laws of Delaware and maintains, and at all times mentioned herein maintained, its corporate headquarters at 270 Park Avenue, New York, New York 10017. Defendant is a "person" as defined by 47 U.S.C. § 153(39)

20. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

21. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

22. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in this District.

23. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated.

25. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated."

26. Plaintiffs represent, and are members of, the proposed Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

27. **Numerosity.** Plaintiffs do not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class are so numerous that individual joinder would be impracticable.

28. **Existence and predominance of common questions of law and fact.** Plaintiffs and all members of the proposed Class have been harmed by the acts of Defendant in the form of

multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls, wasted time spent answering these calls, and violations of their statutory rights.

29. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

30. The proposed Class can be easily identified through records maintained by Defendant.

31. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made calls to Plaintiffs and the Class using an ATDS and/or an artificial or prerecorded call without their prior express written consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages; and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

32. **Typicality.** Plaintiffs assert claims that are typical of each member of the Class because they are all persons who received calls on their cellular or landline telephones and were not the intended recipient of those calls, nor did they consent to those calls.

33. **Adequacy of Representation.** Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

34. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

35. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA.

36. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

37. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because members of the Class, by definition, did not provide the prior express written consent required under the statute to authorize calls to their cellular or landline telephones.

38. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

39. Moreover, upon information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *et seq.*

40. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41. Plaintiffs bring this claim against Defendant on behalf of themselves, and members of the Class.

42. Defendant made numerous unauthorized calls to Plaintiffs' cell phone using an artificial or pre-recorded voice and/or an ATDS without prior express consent.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA.

44. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.,* Plaintiffs and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiffs and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

46. Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *et seq.***

47. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

48. Plaintiffs bring this claim against Defendant on behalf of themselves, and members of the Class.

49. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA.

50. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.* and 47 C.F.R. §§ 64.1200, *et seq.*, Plaintiffs and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

51. Plaintiffs and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

52. Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

c. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Class, finding that Plaintiffs

are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

f.   Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

Dated:  March 23, 2020                                       Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Joshua D. Arisohn*
            Joshua D. Arisohn

Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:   (212) 989-9163
Email:  jarisohn@bursor.com

*Attorneys for Plaintiff*